FILED '10 NOV 10 12:16 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RYAN BONNEAU,

        Plaintiff,        Civil No. 10-1184-TC

    v.                      ORDER

DANIEL STATON, et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff filed this action alleging matters having to do with his medical treatment at the Multnomah County Jail. Many of plaintiff's claims arise out of the dispensing of his prescription medications.

    Plaintiff has moved for an "additional temporary restraining order" (#6) to prevent defendants from administering his medication in a "smashed/crushed" form.

    The general rules for granting preliminary relief are familiar and need not be discussed in detail. "The purpose of

1 - ORDER

a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983). See also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the status quo ad litem.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of one or more of plaintiff's underlying claim and is therefor inappropriate.

Based on the foregoing, plaintiff's "Request for additional temporary restraining order" (#6) is **DENIED**.

IT IS SO ORDERED.

DATED this 10th day of November, 2010.

Michael R. Hogan
United States District Judge

2 - ORDER